**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

BRAD AND TOBI PIERCE,

Plaintiffs,

vs.

HOLLINGSHEAD HARBOR, LLC AND SMYRNA READY MIX CONCRETE, LLC,

CIVIL ACTION NO: 3:25-cv-02332

Defendants.

________________________________/

**DEFENDANTS HOLLINGSHEAD HARBOR, LLC AND SMYRNA READY MIX CONCRETE, LCC'S MOTION TO DISMISS**

Defendants, Hollingshead Harbor, LLC and Smyrna Ready Mix Concrete, LLC (collectively "Defendants"), moves to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 8, 10 and 12(b)(6) and in support states as follows:

**INTRODUCTION**

This action arises out of a fire that occurred on board the Lynn Rose vessel on September 7, 2025, on the navigable waters of the United States of America off the shore of Panama City, Florida. Plaintiff has alleged Defendants, Hollingshead Harbor, LLC and Smyrna Ready Mix Concrete, LLC, are two distinct limited liability companies. (Compl. ¶ IV). However, the Complaint (1) has commingled the purported claims against these two separate entities in a single Count and (2) has commingled purported claims by two separate Plaintiffs in a single Count.

Therefore, the Complaint must be dismissed in its entirety because it is an improper "shotgun pleading" that impermissibly lumps together and makes collective allegations against all "Defendants." Each allegation made in the Complaint is directed at both "Defendants" collectively which fails to provide adequate notice of the claims being alleged against Hollingshead Harbor, LLC and Smyrna Ready Mix Concrete, LLC.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a claim must be "plausible," meaning that it raises "more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In making that determination, the Court must accept well-pled allegations as true and draw reasonable inferences in the plaintiff's favor, but it "need not accept as true statements of law or unsupported conclusory factual allegations." *Divane v. Northwestern Univ.*, 953 F.3d 987 (7th Cir. 2020). Although a plaintiff need not provide detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In fact, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Further, "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a shotgun pleading" in violation of Fed. R. Civ. P. 8(a)(2). *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008). Accordingly, shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009).

**COMPLAINT'S FACTUAL ALLEGATIONS**

Defendant Hollingshead Harbor, LLC, and Defendant Smyrna Ready Mix Concrete, LLC, are two separate and distinct limited liability companies. (Compl. ¶ IV). The Complaint alleges that the "Defendants" collectively engage in the for-profit business of providing marine transportation of bulk dry cargo in the navigable waters of the Untied States. (Compl. ¶ V). The Complaint also alleges "Defendants" collectively are indebted to "Plaintiffs" collectively for any and all damages sustained as a result of the incident described in the Complaint. (Compl. ¶ VI). Plaintiffs further allege Brad Pierce was employed as a diesel mechanic for non-party Pro Diesel Worx, LLC who had been hired by "Defendants" to perform engine repair work aboard the Lynn Rose vessel, which was allegedly "owned, operated, manned, possessed, managed, controlled, chartered and/or *owned pro hac vice* by Defendants." (Compl. ¶ VII). Finally, the Complaint alleges the Plaintiffs claimed

damages were caused solely and exclusively by the negligence of Defendants due to multiple acts or omissions. (Compl. ¶ X). The Complaint does not set forth a single allegation against only one Defendant, but instead all the Complaint's allegations are directed against both Defendants collectively.

**ARGUMENT**

**I. The Complaint Should be Dismissed as it Impermissibly Lumps Together Allegations Against Separate and Distinct Defendants.**

The Complaint must be dismissed in its entirety because it is an improper "shotgun pleading." The Complaint impermissibly lumps together collective allegations against Hollingshead Harbor, LLC and Smyrna Ready Mix Concrete, LLC under the generic name "Defendants" which is improper.

"A shotgun complaint is one that, for example, …asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act." *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662, 664 (11th Cir. Jul. 16, 2019) (affirming dismissal of a complaint because it "failed to specify the exact conduct each defendant engaged in as to each count" and instead grouped the defendants, in violation of Fed. R. Civ. P. 8 and 10); *accord West Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 Fed. App'x 81, 86 (11th Cir. 2008) ("In a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient."); *Magluta v. Samples*, 256

F.3d 1282, 1284 (11th Cir. 2001) (ordering the striking of a complaint that was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of"). Inherently, shotgun pleadings "fail … to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). This is especially true where, as here, the Complaint acknowledges Defendants are separate, legally distinct entities, but then asserts undifferentiated allegations against "Defendants". *Magnum Construction Management, LLC v. WSP USA Solutions, Inc.*, 522 F.Supp.3d 1202, 1207 (S.D. Fla. March 2, 2021) (dismissing a complaint as a shotgun pleading which identified legally distinct entities as defendants and raised allegations against those defendants collectively).

Here, Plaintiffs' Complaint runs afoul of these precedents and must be dismissed. The Complaint initially alleges Hollingshead Harbor, LLC and Smyrna Ready are two different limited liability companies. (Compl. ¶ IV). Then, throughout the entire Complaint, Plaintiffs make improper collective allegations against "Defendants" including allegations related to the nature of business conducted; hiring of non-party Pro Diesel Worx, LLC; ownership, operation, staffing, possession, managing, control, maintenance, inspection and chartering of the Lynn

Rose vessel; maintenance of the engine or engine room; warning Plaintiff; providing proper and timely medical attention to Plaintiff; emergency response; preparing safety protocol; ventilation structure of the vessel; lighting conditions of the vessel; and training or supervising crew members. (Compl. ¶ V, VII, VIII, X, X(a)-(y)).

Although this is plainly improper as a general matter, it is especially impermissible here because the Complaint alleges the plural "Defendants" are responsible for alleged failures or omissions attributable to a singular undescribed entity. For example, the Complaint alleges the claimed damages were caused by "[f]ailing to ensure **its** vessel and/or **its** appurtenances were properly and routinely inspected and/or maintained." (Compl. ¶ X(a)(emphasis added)). The Complaint makes similar allegations related to alleged acts or omissions which are purportedly attributable to one singular undescribed entity. (Compl. ¶ X(b), (l), (n), (o), (q), (t), (w)). For the above reasons, the Complaint is an improper shotgun pleading and must be dismissed in its entirety as Defendants cannot formulate a response to the Complaint without proper notice of what allegations are being alleged against each entity.

## II. The Complaint Should be Dismissed as it Improperly Commingles Liability Theories.

The Complaint is also a shotgun pleading, condemned by the Eleventh Circuit, because it "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313,

1322-23 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief"). Plaintiffs may not "cram multiple, distinct theories of liability into one claim" because each theory "is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations." *Ortiz v. Carnival Corp.*, No. 20-cv-24838, 2020 WL 6945958, at *1 (S.D. Fla. Nov. 25, 2020); *See*, *e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 (11th Cir. 1997) (finding a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count"); *See also Clifford v. Federman*, 855 Fed. Appx. 525, 528 (11th Cir. 2021) ("Dismissal of a complaint as a shotgun pleading is warranted where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief,' where the failure to 'more precisely parcel out and identify the facts relevant to each claim materially increase[s] the burden of understanding the factual allegations underlying each count,' or where the complaint indiscriminately lumps together multiple defendants without specifying how each is responsible for acts or omissions that give rise to a claim for relief.") quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (reviewing history of criticisms against shotgun pleading and four categories of the practice).

Here, the Complaint made by two separate Plaintiffs sets forth no counts at all. The Complaint is twelve paragraphs which impermissibly attempt to allege multiple theories of liability throughout the entirety of the Complaint under what appears to be the guise of a general negligence claim. For example, within the same paragraph the Complaint alleges either Hollingshead Harbor, LLC or Smyrna Ready Mix Concrete, LLC failed to ensure its vessel and/or appurtenances were properly and routine maintained (negligent maintenance); failed to adequately train and/or supervise crew members and/or all other workers in the performance of their duties (negligent hiring, training, or supervision); and failed to have a properly ventilated engine room (negligent design). (Compl. ¶ X(a), (x), (h)).

The Complaint also appears to attempt to allege some semblance of a loss of consortium claim brought by Tobi Pierce, which is also not separated into a distinct count. (Compl. ¶ IX).

Ultimately, the Complaint appears to attempt to commingle general negligence, negligent maintenance, negligent design, loss of consortium, direct negligence, and vicarious claims into one Complaint which offers no distinct counts whatsoever. Consequently, the Complaint should be dismissed as an improper shotgun pleading for the reasons set forth above.

## CONCLUSION

Pursuant to Fed. R. Civ. P. 8, 10 and 12(b)(6), Defendants Hollingshead Harbor, LLC and Smyrna Ready Mix Concrete, LLC request the Court enter an Order granting this motion dismissing the Complaint in its entirety and such other relief as is just and proper.

**TAYLOR, DAY, GRIMM & BOYD**

*s/ John D. Osgathorpe*
**JOHN D. OSGATHORPE**
Florida Bar No.: 147620
jdo@taylordaylaw.com
**NATHANIEL K. CARR**
Florida Bar No.: 1038541
ncarr@taylordaylaw.com
50 North Laura Street, Suite 3500
Jacksonville, FL 32202
Phone: 904/356-0700
Fax: 904/356-3224
Attorneys for Hollingshead Harbor, LLC and Smyrna Ready Mix, LLC

## Certificate of Service

I HEREBY CERTIFY that on this 3rd day of February, 2026, the foregoing document has been electronically filed with the CM/ECF document filing system, and that a copy will be furnished to:

Lambert Zainey Smith & Soso, PLC
J. Christopher Zainey, Jr.
701 Magazine Street
New Orleans, LA 70130
czainey@lambertzainey.com

*/s/ John D. Osgathorpe*
Attorney