**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| **BRAD AND TOBI PIERCE**<br><br>**VERSUS**<br><br>**HOLLINGSHEAD HARBOR, LLC** | **CIVIL ACTION NO. 3:25-cv-02332** |

## FIRST AMENDED COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, **BRAD AND TOBI PIERCE**, and with respect files the following First Amended Complaint for Damages and appropriate ancillary relief:

I.

This Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1333. Venue is proper in accordance with 28 U.S.C. § 1391(b)(2).

II.

This case is brought pursuant to the Constitution and the laws of the United States of America, as well as any applicable state law, under the General Admiralty and Maritime Law. Additionally, at all times material hereto, there was in full force and effect an Act of Congress, including but not limited to section 905(b) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 901, *et seq*. of which this matter is also brought forth.

III.

Plaintiffs, **BRAD and TOBI PIERCE**, are persons of the full age of majority, domiciled in the Parish of Lafourche, State of Louisiana.

IV.

The Defendant named herein is:

1) **HOLLINGSHEAD HARBOR, LLC**, ("Hollingshead" or "Defendant") a foreign Limited Liability Company, authorized to do and doing business within the jurisdiction of this Honorable Court, with its domicile and principal place of business located at the following address: 1000 Hollingshead Circle, Murfreesboro, TN 37129;

V.

Defendant engages in the for-profit business of providing marine transportation of bulk dry cargo, among other marine services, in and around the navigable waters of the United States of America.

VI.

Defendant is truly and justly indebted to Plaintiffs herein for any and all damages sustained as a result of an incident that occurred in the territorial waters of the United States of America, State of Florida, on or around September 7, 2025.

VII.

On or around September 7, 2025, Brad Pierce was employed as a diesel mechanic for Pro Diesel Worx, LLC, a Louisiana based company hired by Defendant to perform engine repair work aboard the M/V LYNN ROSE – a vessel owned, operated, manned, possessed, managed, controlled, chartered and/or *owned pro hac vice* by Defendant. At the time of the incident in question, Brad was working on the navigable waters of the United States of America, State of Florida in or around Panama City, FL, tasked with performing repair work on an engine aboard the M/V LYNN ROSE.

VIII.

On the date and time in question, while Brad Pierce was aboard Defendant's vessel a horrible incident ensued. As Brad commenced work aboard the M/V LYNN ROSE's engine, suddenly and without warning, the engine aboard the vessel erupted in flames, contemporaneously causing Brad's body to become engulfed in flames as a direct result thereof. Unbeknownst to Brad, the engine and/or engine room had not been properly maintained by Defendant prior to his arrival, which, upon information and belief, for this reason and/or other reasons caused by Defendant as outlined below, ultimately caused the eruption of fire and Brad's catastrophic and life-changing personal injuries to his body and mind, including but not limited to severe burn injuries requiring complex and invasive medical treatments, including, but not limited to complex surgical procedures, skin grafts and/or other complex treatments throughout his body, with injuries including but not limited to his face, eyes, nose, neck, back, shoulders, chest, arms, hands, groin and legs. Brad was also left with severe and life-altering emotional and psychological distress arising from being engulfed in flames and not knowing whether he was going to live or die as his body uncontrollably continued to burn aboard the vessel for a considerable period of time.

IX.

Brad Pierce's loving spouse, Tobi Pierce, has been by her husband's side providing love, care, support and companionship since the time of the subject incident, and has provided and continues to provide tireless physical and emotional support throughout his difficult recovery.

X.

The incident that occurred on or around September 7, 2025, resulted in catastrophic, permanent, and disabling injuries to Brad Pierce and Tobi Pierce and was caused solely and

exclusively by the negligence and fault of Defendant in the following non-exclusive particulars as set forth below:

XI.

The defendant, **HOLLINGSHEAD HARBOR, LLC** was negligent in the following non-exclusive particulars and such negligent conduct was the proximate cause of the damages sustained by Plaintiffs herein:

**COUNT ONE - NEGLIGENT OPERATIONS**

1. Failing to inspect and/or plan for potential hazards aboard the M/V LYNN ROSE;
2. Failing to conduct a proper safety meeting and/or JSA prior to the work being performed leading up to the subject incident;
3. Allowing the operation of the M/V LYNN ROSE in a negligent manner, rendering the vessel unsafe;
4. Failing to warn Plaintiff of the dangerous condition posed by the engine and/or engine room aboard the vessel;
5. Failing to have a fire extinguisher and/or a properly accessible fire extinguisher and/or a properly functioning fire extinguisher aboard the M/V LYNN ROSE at the time of the subject incident;
6. Failing to have a properly ventilated engine room;
7. Failing to ensure Brad Pierce received timely emergency medical treatment following the subject incident;
8. Failing to provide Brad Pierce with proper and timely medical attention following the subject incident;
9. Failing to provide Brad Pierce with a safe and non-hazardous place to work;

10. Failing to adequately inspect its vessel and keep it in a safe and operable condition;
11. Failing to ensure the M/V LYNN ROSE had proper lighting available for performance of safe operations on board the vessel;
12. Failing to ensure the M/V LYNN ROSE had proper ventilation available for performance of safe operations on board the vessel;
13. Failing to put safety as its first priority during operations;
14. Failing to provide a seaworthy vessel;
15. Failing to provide a vessel, including all of her equipment and appurtenances, safe for the performance of the operations in question;
16. Failing to provide a vessel and all of her equipment and appurtenances that was reasonably fit for its intended purpose;
17. Failing to provide a vessel crew that was adequately trained for the operations being conducted at the time;
18. Failing to provide a vessel crew that was adequate in number;
19. Failing to provide a vessel which had the required complement of crew;
20. Failing to properly and safely operate its vessels, including the M/V LYNN ROSE;
21. Failing to properly and safely respond to an emergency;
22. Any and all other negligent acts of omission or commission to be discovered during the litigation of this matter.

XII.

The defendant, **HOLLINGSHEAD HARBOR, LLC** was also negligent in the following additional non-exclusive particulars and such negligent conduct was the proximate cause of the damages sustained by Plaintiffs herein:

**COUNT TWO - NEGLIGENT MAINTENANCE**

1. Failing to ensure its vessel and/or its appurtenances, including but not limited to the vessel's engine, were properly and routinely inspected and/or maintained;
2. Failing to ensure its vessel and/or its appurtenances, including but not limited to the vessel's engine, were properly and routinely cleaned of hazardous materials and that the vessel was otherwise maintained in a safe and non-hazardous manner;
3. Any and all other negligent acts of omission or commission to be discovered during the litigation of this matter.

XIII.

The defendant, **HOLLINGSHEAD HARBOR, LLC** was also negligent in the following additional non-exclusive particulars and such negligent conduct was the proximate cause of the damages sustained by Plaintiffs herein:

**COUNT THREE - NEGLIGENT HIRING, TRAINING, INSTRUCTION AND/OR SUPERVISION**

1. Failing to adequately hire, train, instruct and/or supervise crew members and/or all other workers in the performance of their duties;
2. Failing to properly equip its crew members and/or all other workers;
3. Failing to devise and implement an adequate safety protocol aboard its vessel;
4. Any and all other negligent acts of omission or commission to be discovered during the litigation of this matter.

XIV.

The defendant, **HOLLINGSHEAD HARBOR, LLC** was also negligent in the following additional non-exclusive particulars and such negligent conduct was the proximate cause of the damages sustained by Plaintiffs herein:

**COUNT FOUR - ANY AND ALL OTHER ACTS OF NEGLIGENCE AS MAY BE DETERMINED IN THIS MATTER**

1. Failing to comply with any and all applicable federal statutes, regulations and/or safety provisions of the Code of Federal Regulations, OSHA, the United States Coast Guard and/or any other governing bodies and/or regulatory authorities;
2. Any and all other negligent acts of omission or commission to be discovered during the litigation of this matter.

XV.

Defendant, as owner of the vessel(s) involved herein, is liable for negligence under 33 U.S.C. § 905(b). Defendant owned, operated, and controlled the vessel(s) implicated herein, and as such, Defendant had a duty to exercise reasonable care to prevent injuries to Plaintiff by turning over the vessel in a safe condition and/or a duty to exercise reasonable care while Plaintiff worked in areas which remained under the active control of the vessel, and/or Defendant had a duty to intervene and protect Plaintiff from hazards and/or unsafe operations and/or dangerous conditions known to Defendant or that should have been known. Defendant breached its duties to Plaintiff and said breach(es) and/or failure(s) had a causative relationship to Plaintiff's injuries. At all material times, the Defendant breached their duties to Plaintiff, Brad Pierce, including but not limited to, their Turnover Duty, Active Control Duty, and/or their Duty to Intervene, proximately causing the injuries sustained by Plaintiffs and subsequent damages.

XVI.

Plaintiff, Brad Pierce, was not negligent in any way and did not contribute to the incident complained of herein. At all material times, Plaintiff, Brad Pierce, conducted himself in a reasonable and prudent manner, and was where he was ordered to be and performing the duties and functions he was instructed and obligated to perform.

XVII.

Plaintiffs, reiterating and realleging each and every allegation set forth above as though set forth herein *in extenso*, also aver the applicability of the doctrine of *Res Ipsa Loquitur* and *Negligence per se* against the Defendant named herein.

XVIII.

**COUNT FIVE – DAMAGES TO BRAD PIERCE**

Plaintiff, Brad Pierce, reiterating and realleging each and every allegation set forth above as though set forth herein *in extenso*, submits that as a direct result of the incident described herein, Brad Pierce has incurred the following non-exclusive damages:

a. Past, present and future physical pain and suffering;
b. Past, present and future mental and emotional pain and suffering;
c. Past, present and future medical expenses;
d. Permanent Disfigurement and Scarring;
e. Past, present and future loss of enjoyment of life;
f. Disability from engaging in recreation;
g. Past, present and future loss of wages and work benefits;
h. Impairment of future earning capacity;
i. Punitive damages;
j. Attorneys fees; and
k. Other elements of damages to be shown at the trial in this matter.

XIX.

**COUNT SIX – DAMAGES TO TOBI PIERCE**

Plaintiff, Tobi Pierce, reiterating and realleging each and every allegation set forth above as though set forth herein *in extenso*, submits that as a direct result of the incident described herein, Tobi Pierce has incurred the following non-exclusive damages:

a. Loss of Consortium

b. Other elements of damages to be shown at the trial in this matter.

XX.

Plaintiffs are entitled to prejudgment interest on their damages from the date of loss. Should the court determine any damages are not properly subject to an award of prejudgment interest, Plaintiffs demand interest from the date of judicial demand.

XXI.

Plaintiffs are entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

XXII.

Plaintiffs herein pray for a trial by jury on all issues raised.

**WHEREFORE**, Plaintiffs, **BRAD PIERCE AND TOBI PIERCE**, pray that Defendant, **HOLLINGSHEAD HARBOR, LLC** be served with a certified copy of this First Amended Complaint for Damages and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgment rendered in favor of Plaintiffs and against Defendant for all damages that are reasonable in the premises together with legal interest and for all costs of these proceedings; and Finally, Plaintiffs prays for all general and equitable relief to which they may otherwise be entitled.

Respectfully Submitted:

*/s/ J. Christopher Zainey, Jr.*

J. Christopher Zainey, Jr. (LA Bar No. 32022)
*Admitted Pro Hac Vice*
Lambert Zainey Smith & Soso, PLC
701 Magazine Street
New Orleans, Louisiana 70130
Tel: (504) 581-1750
Fax: (504) 529-2931
czainey@lambertzainey.com
*Attorney for Brad Pierce and Tobi Pierce*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served this 12th day of February 2026, on all counsel of record in this matter via the Court's EM/ECF filing system.

*/s/ J. Christopher Zainey, Jr.*
**J. CHRISTOPHER ZAINEY, JR.**